UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES WILLIAM McCRAVEN and<br>JERMAINE ALLEN McCRAVEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>QUIK TRIP FOODS and QUIK TRIP FOODS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 4:06CV01073 ERW<br>)<br>)<br>)<br>) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of James William McCraven to commence this action without payment of the required filing fee.[1] *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, applicant will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In addition, the Court has reviewed the instant complaint and will dismiss it prior to service.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An

---

[1] The Court notes that two plaintiffs, James William McCraven and Jermaine Allen McCraven, are listed in the style of the case and signed the complaint. However, only James William McCraven submitted a motion for leave to proceed in forma pauperis and a financial affidavit. Furthermore, the complaint contains no specific allegations by plaintiff Jermaine Allen McCraven. For these reasons and because the Court is dismissing this complaint prior to service of process, the Court will strike plaintiff Jermaine Allen McCraven from the complaint.

action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary and declaratory relief pursuant to 42 U.S.C. § 1983 for alleged violation of his constitutional rights against defendants Quik Trip Foods (St. Charles Rock Road) and Quik Trip Foods (Woodson Road). Plaintiff alleges that defendants discriminated against him because of his race, creed or color. Plaintiff further alleges that he was subjected to slander, sexual harassment and defamation of character.

**Discussion**

Plaintiff's case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous or fails to state a claim upon which relief can be granted, or both. Plaintiff cannot bring suit under § 1983 against defendants Quik Trip Foods (St. Charles Rock Road) and Quik Trip Foods (Woodson Road) because he has failed to establish that a person acting under color of state law committed the actions which form the basis of his complaint. *See Parratt v. Taylor*, 451 U.S. 527,

535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff has alleged no facts to indicate that defendants, which are convenience stores, operated by a privately-held company, that sell gasoline, food and drink, are state actors for purposes of § 1983.

Also, and in the alternative, the Court is unable to determine with any degree of certainty the basis for plaintiff's complaint. The complaint contains no specific allegations linking defendants to any deprivation of plaintiff's constitutional rights. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D.Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct").

Plaintiff's claims are legally frivolous or fail to state a claim upon which relief may be granted, or both, and, for the above-stated reasons, dismissal without prejudice is warranted.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Jermaine Allen McCraven be stricken from the complaint.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 15th Day of August, 2006.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**